**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARICELA MAYORAL, on behalf of herself and all others similarly situated,** | |
| **Plaintiff,** | **Case No.** |
| -against- | |
| **SAS RESTAURANTS LLC, STARVOS NIKOLAKAKOS, STEPHEN KATSAROS, ANASTASIOS KATSAROS, and GEORGIOS KANTARIS,** | **CLASS ACTION COMPLAINT** |
| **Defendants.** | |

Plaintiff Maricela Mayoral (hereinafter, "Mayoral" or "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.    This lawsuit seeks to recover minimum wages, overtime compensation, misappropriated tips, unlawful deductions, and other damages for Plaintiff and her similarly situated co-workers – servers, bartenders, bussers, barbacks, food runners and other similarly situated tipped employees (collectively, "Tipped Employees") – who work or have worked at Times Square Diner located at 807 8th Avenue, New York, New York 10019 ("Times Square Diner").

2.    Times Square Diner is owned, operated, and controlled by Sas Restaurants LLC, Starvos Nikolakakos, Stephen Katsaros, Anastasios Katsaros, and Georgios Kantaris (collectively, "Defendants").

3.    At all times relevant, Defendants have paid Plaintiff and similarly situated Tipped

Employees at or below the applicable "tipped" minimum wage rate.

4.      However, Defendants have not satisfied the strict requirements under the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL") that would allow them to apply a "tip credit" to Tipped Employees' wages.

5.      In this regard, Defendants failed to provide Tipped Employees with notification of the tipped minimum wage rate or tip credit provisions of the FLSA or NYLL, or of their intent to apply a tip credit to Tipped Employees' wages.

6.      Additionally, Defendants misappropriated gratuities from Plaintiff and other Tipped Employees by requiring them to engage in a tip distribution scheme where tips were shared with employees in positions that are not entitled to tips under the FLSA and/or NYLL, including, but not limited to, cook(s) and manager(s).

7.      Throughout Plaintiff's employment, Defendants also maintained a policy and practice whereby Tipped Employees were not paid the appropriate premium overtime pay for hours worked in excess of 40 per workweek.

8.      Furthermore, Defendants had a policy and practice by which they would "shave" time off Tipped Employees time cards. In that regard, Defendants would reduce Plaintiff's and other Tipped Employees' hours worked down to the nearest hour.

9.      Defendants also unlawfully "charged" Plaintiff and other Tipped Employees for customer walk-outs, bringing them further below the minimum wage rate.

10.     Plaintiff brings this action on behalf of herself and all similarly situated current and former Tipped Employees who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

11.     Plaintiff also brings this action on behalf of herself and all similarly situated current and former Tipped Employees pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

### THE PARTIES

**Plaintiff**

**Maricela Mayoral**

12.     Mayoral is an adult individual who is a resident of Queens, New York.

13.     Mayoral was employed by Defendants as a server – a Tipped Employee – at Times Square Diner from in or around July 2015 until on or about March 19, 2017.

14.     Mayoral is a covered employee within the meaning of the FLSA and NYLL.

15.     A written consent form for Mayoral is being filed with this Complaint.

**Defendants**

16.     Defendants have jointly employed Plaintiff and similarly situated employees at all times relevant.

17.     Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

18.     During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and the NYLL.

**Sas Restaurants LLC**

19.     Together with the other Defendants, Sas Restaurants LLC has owned and/or operated Times Square Diner during the relevant time period.

20.     Sas Restaurants LLC is a domestic limited liability company organized and existing under the laws of New York.

21.     Sas Restaurants LLC is the corporate identity that has appeared on Plaintiff's paychecks for work performed at Times Square Diner.

22.     Sas Restaurant LLC is listed as the "Premises Name" for the restaurant doing business as Times Square Diner, with the New York State Liquor Authority ("NYSLA"). *See* **Exhibit A**.

23.     Sas Restaurants LLC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

24.     At all relevant times, Sas Restaurants LLC has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

25.     Sas Restaurants LLC applies the same employment policies, practices, and procedures to all Tipped Employees at Times Square Diner, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, tips, and deductions.

26.     Upon information and belief, at all relevant times Sas Restaurants LLC has an annual gross volume of sales in excess of $500,000.

**Stavros Nikolakakos**

27.     Upon information and belief, Starvos Nikolakakos is a resident of the State of New York.

28.     At all relevant times, Starvos Nikolakakos has been the owner and operator of Times Square Diner and Sas Restaurants LLC.

29.     Starvos Nikolakakos is listed as a "Principal," on the active New York State Liquor License for the premises doing business as "Times Square Diner" located at 807 8th Avenue, New York, New York 10019. *Id.*

30.     Starvos Nikolakakos stated that he would work as afternoon manager of Times Square Diner in his personal questionnaire section of the liquor license application for Times Square Diner, filed with the NYSLA. *See* **Exhibit B**.

31.     At all relevant times, Starvos Nikolakakos has had power over personnel decisions at Times Square Diner, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

32.     At all relevant times, Starvos Nikolakakos has had power over payroll decisions at Times Square Diner, including the power to retain time and/or wage records.

33.     At all relevant times, Starvos Nikolakakos has been actively involved in managing the day to day operations of Times Square Diner.

34.     At all relevant times, Starvos Nikolakakos has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

35.     At all relevant times, Starvos Nikolakakos has had the power to transfer the assets and/or liabilities of Times Square Diner.

36.     At all relevant times, Starvos Nikolakakos has had the power to declare bankruptcy on behalf of Times Square Diner.

37.     At all relevant times, Starvos Nikolakakos has had the power to enter into contracts on behalf of Times Square Diner.

38.     At all relevant times, Starvos Nikolakakos has had the power to close, shut down, and/or sell Times Square Diner.

39.     Starvos Nikolakakos is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

**Stephen Katsaros**

40.     Upon information and belief, Stephen Katsaros is a resident of the State of New York.

41.     At all relevant times, Stephen Katsaros has been the owner and operator of Times Square Diner and Sas Restaurants LLC.

42.     Stephen Katsaros is listed as a "Principal," on the active New York State Liquor License for the premises doing business as "Times Square Diner" located at 807 8th Avenue, New York, New York 10019. *See* **Exhibit A**.

43.     Stephen Katsaros stated that he would "be working 7 day/week, 10 hours/day, directing and overseeing both front of house and back of house operations" in his personal questionnaire section of the liquor license application for Times Square Diner, filed with the NYSLA. *See* **Exhibit B**.

44.     At all relevant times, Stephen Katsaros has had power over personnel decisions at Times Square Diner, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment. In this regard, Stephen Katsaros both hired and fired Plaintiff.

45.     At all relevant times, Stephen Katsaros has had power over payroll decisions at Times Square Diner, including the power to retain time and/or wage records. Specifically, Stephen Katsaros set Plaintiff's rate of pay and gave Plaintiff her schedule regularly.

46.     At all relevant times, Stephen Katsaros has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

47.     At all relevant times, Stephen Katsaros has had the power to transfer the assets and/or liabilities of Times Square Diner.

48.     At all relevant times, Stephen Katsaros has had the power to declare bankruptcy on

behalf of Times Square Diner.

49.     At all relevant times, Stephen Katsaros has had the power to enter into contracts on behalf of Times Square Diner.

50.     At all relevant times, Stephen Katsaros has had the power to close, shut down, and/or sell Times Square Diner.

51.     Stephen Katsaros is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

**Anastasios Katsaros**

52.     Upon information and belief, Anastasios Katsaros is a resident of the State of New York.

53.     At all relevant times, Anastasios Katsaros has been the owner and operator of Times Square Diner and Sas Restaurants LLC.

54.     Anastasios Katsaros is listed as a "Principal," on the active New York State Liquor License for the premises doing business as "Times Square Diner" located at 807 8th Avenue, New York, New York 10019. *See* **Exhibit A.**

55.     Anastasios Katsaros stated that he would work as night manager of Times Square Diner in his personal questionnaire section of the liquor license application for Times Square Diner, filed with the NYSLA. *See* **Exhibit B.**

56.     At all relevant times, Anastasios Katsaros has had power over personnel decisions at Times Square Diner, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

57.     At all relevant times, Anastasios Katsaros has had power over payroll decisions at Times Square Diner, including the power to retain time and/or wage records.

58.    At all relevant times, Anastasios Katsaros has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

59.    At all relevant times, Anastasios Katsaros has had the power to transfer the assets and/or liabilities of Times Square Diner.

60.    At all relevant times, Anastasios Katsaros has had the power to declare bankruptcy on behalf of Times Square Diner.

61.    At all relevant times, Anastasios Katsaros has had the power to enter into contracts on behalf of Times Square Diner.

62.    At all relevant times, Anastasios Katsaros has had the power to close, shut down, and/or sell Times Square Diner.

63.    Anastasios Katsaros is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

**Georgios Kantaris**

64.    Upon information and belief, Georgios Kantaris is a resident of the State of New York.

65.    At all relevant times, Georgios Kantaris has been the owner and operator of Times Square Diner and Sas Restaurants LLC.

66.    Georgios Kantaris is listed as a "Principal," on the active New York State Liquor License for the premises doing business as "Times Square Diner" located at 807 8th Avenue, New York, New York 10019. *See* **Exhibit A**.

67.    Georgios Kantaris stated that he would "work 7 days/week, 10-12 hours/day, supervising the preparation of food stuffs and quality control" at Times Square Diner in his personal questionnaire section of the liquor license application for Times Square Diner, filed with

the NYSLA. *See* **Exhibit B**.

68.     At all relevant times, Georgios Kantaris has had power over personnel decisions at Times Square Diner, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

69.     At all relevant times, Georgios Kantaris has had power over payroll decisions at Times Square Diner, including the power to retain time and/or wage records.

70.     At all relevant times, Georgios Kantaris has been actively involved in managing the day to day operations of Times Square Diner.

71.     At all relevant times, Georgios Kantaris has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

72.     At all relevant times, Georgios Kantaris has had the power to transfer the assets and/or liabilities of Times Square Diner.

73.     At all relevant times, Georgios Kantaris has had the power to declare bankruptcy on behalf of Times Square Diner.

74.     At all relevant times, Georgios Kantaris has had the power to enter into contracts on behalf of Times Square Diner.

75.     At all relevant times, Georgios Kantaris has had the power to close, shut down, and/or sell Times Square Diner.

76.     Georgios Kantaris is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

77.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

78.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

79.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

80.     Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of herself and all similarly situated persons who work or have worked as Tipped Employees at Times Square Diner, who elect to opt-in to this action (the "FLSA Collective") between September 4, 2014 and the present. [1]

81.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

82.     Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid the full minimum wage rate for all hours worked up to 40 per workweek and premium overtime compensation for all hours worked beyond 40 per workweek.

83.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

84.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.

---

[1] The period covered by the FLSA Collective is extended due to a pre-litigation tolling agreement entered into by the parties on October 4, 2017, and terminated on November 26, 2018. Ex. A, Tolling Agreement.

## CLASS ACTION ALLEGATIONS

85.     Plaintiff brings the Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as Tipped Employees at Times
> Square Diner in New York between September 4, 2011[2] and the date
> of final judgment in this matter (the "Rule 23 Class").

86.     The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

87.     There are more than fifty Rule 23 Class Members.

88.     Plaintiff's claims are typical of those claims that could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

89.     Plaintiff and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.  Defendants' corporate-wide policies and practices affected all Rule 23 Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class Members.

90.     Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class Members and have no interests antagonistic to the Rule 23 Class Members.

91.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

---

[2] *Id.*

92.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

93.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class Members individually and include, but are not limited to, the following:

(a) whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours they worked up to 40 hours per workweek;

(b) whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 per workweek;

(c) whether Defendants misappropriated tips from Plaintiff and the Rule 23 Class by distributing tips to tip ineligible positions, such as cook(s) and manager(s);

(d) whether Defendants made unlawful deductions from the wages of Plaintiff and the Rule 23 Class;

(e) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with proper annual wage notices, as required by the NYLL; and

(f) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

94.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Maricela Mayoral**

95.     During her employment, Mayoral was generally scheduled to work four to five shifts per week, from 8:00 a.m. until between 2:00 p.m. and 4:00 p.m., for approximately 24 to 40 hours per week, unless she missed time for vacation, sick days and/or holidays. Occasionally, Mayoral worked over 40 hours per week.

96.     Throughout her employment, Defendants applied a tip credit towards the minimum wage rate paid to Mayoral for work performed as a server. Defendants failed to notify Mayoral either verbally or in writing of the tip credit provisions of the FLSA and the NYLL, or of their intent to apply a tip credit to her wages.

97.     Defendants unlawfully required Plaintiff to share tips with a cook, Oscar (l/n/u), and her floor manager, Javier Alonso Olan Vazquez ("Vazquez") employees not entitled to share tips under the FLSA and/or the NYLL.

98.     At all relevant times, Plaintiff was entitled to receive the full statutory minimum wage for the first 40 hours per workweek, and time and one-half the full minimum wage rate for all hours worked beyond 40 per workweek.

99.     Defendants unlawfully required Mayoral to pay Defendants anytime a customer left without paying his or her bill.

100.     Defendants failed to furnish Mayoral with proper annual wage notices, as required by the NYLL.

101.     Defendants failed to furnish Mayoral with accurate wage statements, listing the rates paid, gross wages, and the claimed tip allowance, with each payment of wages, as required by the NYLL.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wage
### (Brought on behalf of Plaintiff and the FLSA Collective)

102.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

103.    At all times relevant, Plaintiff and the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

104.    Defendants have not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants have failed to inform Plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA.

105.    Defendants have not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants have failed to inform Plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, and Defendants required Plaintiff and the FLSA Collective to distribute a portion of their tips to workers who do not "customarily and regularly" receive tips.

106.    Additionally, Defendants failed to pay Plaintiff and the FLSA Collective for all hours worked. In this regard, Defendants have a policy and practice of "rounding-down" minutes to the previous full hour. In effect, Defendants do not pay Plaintiff and the FLSA Collective for minutes worked between full hours. For example, if Plaintiff worked until 5:19 p.m., Defendants would only pay her up until 5:00 p.m., thus shorting her 19 minutes for that shift.

107.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated

damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

108.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

109.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

110.    Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times the full minimum wage rate – for all hours worked beyond 40 per workweek.

111.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## THIRD CAUSE OF ACTION
### New York Labor Law – Minimum Wages
### (Brought on behalf of Plaintiff and the Rule 23 Class)

112.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

113.    At all times relevant, Plaintiff and the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

114.    Defendants have failed to pay Plaintiff and the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

115.    Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff and the Rule 23 Class the full minimum wage at a rate of (a) $7.25 per hour for all hours worked from February 2011 through December 30, 2013; (b) $8.00 per hour for all hours worked from December 31, 2013 through December 30, 2014; (c) $8.75 per hour for all hours worked from December 31, 2014 through December 30, 2015; and (d) $9.00 per hour for all hours worked from December 31, 2015 through December 30, 2016; (e) $11.00 per hour for all hours worked from December 31, 2016; and (f) $13.00 per hour for all hours worked from December 31, 2017 through the present.

116.    Defendants have failed to notify Plaintiff and the Rule 23 Class of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.

117.    Defendants required Plaintiff and the Rule 23 Class to share gratuities with employees who are not eligible to receive tips under the NYLL and the supporting New York State Department of Labor Regulations. As a result, Plaintiff and the Rule 23 Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate at all relevant times.

118.    Defendants also failed to pay Plaintiff and the Rule 23 Class for all hours worked, as discussed above.

119.    Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided

for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**New York Labor Law – Overtime Wages**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

120.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

121.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the Rule 23 Class.

122.    Defendants failed to pay Plaintiff and the Rule 23 Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times the full minimum wage rate – for all hours worked beyond 40 per workweek.

123.    Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
**New York Labor Law – Tip Misappropriation**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

124.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

125.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

126.    Defendants unlawfully required Plaintiff and the Rule 23 Class to share the gratuities they received with employees other than tipped employees, in violation of NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

127.    Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants the value of the misappropriated gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**New York Labor Law – Unlawful Deductions**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

128.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

129.    Defendants made unlawful deductions from the wages of Plaintiff and the Rule 23 Class, including, but not limited to, reimbursements for customer walk-outs – *i.e.*, when a customer leaves without paying his or her bill.

130.    The deductions made from the wages of Plaintiff and the Rule 23 Class were not authorized or required by law.

131.    The deductions made from the wages of Plaintiff and the Rule 23 Class were not expressly authorized in writing by Plaintiff and the Rule 23 Class, and were not for the benefit of Plaintiff and the Rule 23 Class.

132.    Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices
### (Brought on behalf of Plaintiff and the Rule 23 Class)

133.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

134.    Defendants have failed to furnish Plaintiff and the Rule 23 Class with proper annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

135.    Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff and the Rule 23 Class are entitled to statutory penalties of fifty dollars each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with annual wage notices, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

### EIGHTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Proper Wage Statements**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

136.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

137.    Defendants failed to supply Plaintiff and the Rule 23 Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

138.    Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiff and the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198 (1-d).

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Tipped Employees who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Times Square Diner. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their

right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum and overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.      Unpaid minimum wages, overtime wages, misappropriated tips, unlawful deductions, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.      Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

G.      Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

H.      Prejudgment and post-judgment interest;

I.      Reasonable attorneys' fees and costs of the action; and

J.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
          November 27, 2018

                              Respectfully submitted,


                              _____
                              Joseph A. Fitapelli

                              **FITAPELLI & SCHAFFER, LLP**
                              Joseph A. Fitapelli
                              Dana M. Cimera
                              28 Liberty Street, 30th Floor
                              New York, NY 10005
                              Telephone: (212) 300-0375

                              *Attorneys for Plaintiff and*
                              *the Putative Class*

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1.      Doy mi consentimiento para ser parte demandante en una demanda contra TIMES SQUARE DINER y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2.      Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.

_____

Firma (Signature)

_____

Nombre legal completo (Imprenta) (Full Legal Name (Print))

EXHIBIT A

# TOLLING AGREEMENT

This Agreement is made by and between SAS RESTAURANTS INC., their individual owners, operators, officers, agents, parent corporations, subsidiaries, joint employers and/or representatives, and STARVOS NIKOLAKAKOS, STEPHEN KATSAROS, ANASTASIOS KATSAROS, AND GEORGIOS KANTARIS, individually (collectively, "Times Square Diner"), and MARICELA MAYORAL ("Plaintiff"). This agreement is for the benefit of Plaintiff and "Potential Plaintiffs" as that term is defined. "Potential Plaintiffs" are servers, bussers, bartenders, barbacks, food runners, and other similarly situated employees employed at any time by Times Square Diner between September 14, 2011 and the date this tolling agreement is ended by either party pursuant to the terms of this Agreement.

WHEREAS Plaintiff and Potential Plaintiffs are or were employees of Times Square Diner and Plaintiffs have indicated their intent to file an action (the "Action") bringing claims on behalf of themselves and Potential Plaintiffs under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.*, and ("FLSA") and the New York Labor Law ("NYLL").

WHEREAS counsel for Plaintiff and Potential Plaintiffs and Times Square Diner agree that pre-litigation discussions of the proposed Action are warranted;

NOW THEREFORE, for good and sufficient consideration, the receipt of which is hereby acknowledged, Plaintiff and Potential Plaintiffs and Times Square Diner hereby agree as follows:

1.    Tolling Provision.  No statute of limitations on any claim under the FLSA or NYLL shall run against Plaintiff and Potential Plaintiffs and the same shall be tolled during the period of time while this Agreement is in effect and neither party shall put forward or rely upon the period of time while this Agreement is in effect as a bar or laches or for any other purpose to defeat the claims made or to be made in the Action. This paragraph does not apply to claims made to enforce this Agreement.  Nothing contained in this Agreement shall be deemed as an admission by any party with respect to any allegations or claims.

2.    Duration.  This Agreement is effective as of September 14, 2017, and shall terminate seven (7) days after either party gives written notice of cancellation to the other.

3.    Use of Agreement.  During the term of this Agreement, Plaintiff and Potential Plaintiffs shall refrain and forebear from commencing, instituting, or prosecuting any lawsuit, arbitration, action, or other proceeding against Times Square Diner raising FLSA or NYLL claims.  Furthermore, during the term of this Agreement, Times Square Diner shall advise counsel for Plaintiffs of any other pending litigation or contemplated litigation on behalf of one or more Potential Plaintiffs of which Times Square Diner or its counsel is or becomes aware.

4.    Modification.  This Agreement can be modified only in a writing signed by the parties. This Agreement shall constitute the entire understanding between the parties concerning the subject matter of this Agreement and supersedes and replaces all prior

negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

5.    Successors.  This Agreement shall bind and benefit each of the parties and their respective predecessors, successors, and assigns.

6.    Governing Law.  This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York.

7.    Execution of Counterparts.  Separate counterparts of this Agreement may be executed by the parties with the same force and effect as if all such parties had executed a single copy of this Agreement.

8.    Authority to Bind.  Each Counsel executing this Agreement represents and warrants that he or she has been authorized to enter into this Agreement on behalf of the party on whose behalf it is signed and that signatory has full and complete authority to do so.

9.    Notices.  Any notice, request, instructions or other document to be provided hereunder by either party to the other shall be in writing and delivered personally or mailed by certified mail, postage prepaid, return receipt requested (such personally delivered or mailed notice to be effective on the date actually received) or by electronic means as follows:

If to Plaintiff and Potential Plaintiffs, address to:

Joseph A. Fitapelli
Fitapelli & Schaffer, LLP
28 Liberty Street, 30th Floor
New York, New York 10005

If to Times Square Diner, address to:

Marc A. Lavaia
Warshaw Burstein, LLP
555 Fifth Avenue
New York, New York 10017

2

Dated: ~~September~~ Oct 4 _____, 2017          Plaintiff and Potential Plaintiffs

By: _____
    Joseph A. Fitapelli

Dated: ~~September~~ OctoBer 4 _____, 2017      Sas Restaurants, Inc.
                                                 Starvos Nikolakakos
                                                 Stephen Katsaros
                                                 Anastasios Katsaros
                                                 Georgios Kantaris

By: _____
    Marc A. Lavala

3